USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/23/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                           :

BERKLEY INSURANCE COMPANY,    :
                                           :

                 Plaintiff,   :        1:26-cv-6168-GHW
                                         :

      -against-        :        ORDER TO SHOW
                                         :           CAUSE

VOLUNTEERS OF AMERICA, INC., *et al.*,  :
                                         :

            Defendants.  :
                                         :

-----------------------------------------------------------------X

GREGORY H. WOODS, District Judge:

Plaintiff commenced this action on July 21, 2026 against the above-captioned defendants. As the basis for this Court's subject matter jurisdiction, plaintiff invokes 28 U.S.C. § 1332, asserting that the parties are diverse and the amount in controversy is over $75,000.  Dkt. No. 1.  To establish jurisdiction under 28 U.S.C. § 1332, there must be complete diversity of citizenship, such that "*each* defendant is a citizen of a different State from *each* plaintiff."  *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original).  Plaintiff, as the party invoking diversity jurisdiction, "must allege in his pleading the facts essential to show jurisdiction."  *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010) ("The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it.").

Defendant 305 West 97th Street Associates, L.P. ("305 West L.P.") is a limited partnership. Dkt. No. 1 ¶ 6.  In *Carden v. Arkoma Associates,* the Supreme Court held that the citizenship of all the partners in a limited partnership must be taken into account for the purposes of determining diversity jurisdiction.  *Id.* at 494 U.S. 185, 195–96 (1990).  Plaintiff fails to properly allege the citizenship of the members of 305 West L.P.  In particular, Plaintiff alleges that Defendant SRO

West 97th Street, Inc. ("SRO 97") is the general partner of 305 West L.P. and that SRO 97 is a citizen of New York.  Dkt. No. 1 ¶¶ 7–8.  Plaintiff does not allege any facts about the other members of 305 West, L.P., if any.  Thus, the Court cannot determine whether complete diversity exists, and without complete diversity, the Court does not have subject matter jurisdiction over this case.

"If subject matter jurisdiction is lacking . . . , the court has the duty to dismiss the action *sua sponte*."  *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  Accordingly, Plaintiff is hereby ORDERED TO SHOW CAUSE by July 27, 2026 as to why this action should not be dismissed for lack of subject matter jurisdiction.

SO ORDERED.

Dated:  July 23, 2026
New York, New York

_____
GREGORY H. WOODS
United States District Judge

2