**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BERKLEY INSURANCE COMPANY, | Civil Action No.: <br> **1:26-cv-06168-GHW** |
| Plaintiff, | |
| vs. | |
| VOLUNTEERS OF AMERICA, INC., VOLUNTEERS OF AMERICA – GREATER NEW YORK, INC., 305 WEST 97TH STREET ASSOCIATES, L.P., and SRO WEST 97TH STREET, INC., | |
| Defendants. | |

**PLAINTIFF'S MEMORANDUM OF LAW IN RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE**

**PECKAR & ABRAMSON, P.C.**
Charles E. Williams, III (CEW 4756)
1325 Avenue of the Americas, 10th Floor
New York, New York 10019
Telephone: (212) 382-0909
Facsimile: (212) 382-3456
CWilliams@pecklaw.com
Attorneys *for Plaintiff*

On the Brief:

Charles E. Williams, III, Esq.

**TABLE OF CONTENTS**

Page

I.      BERKLEY INSURANCE COMPANY ................................................................... 1

I.      PRELIMINARY STATEMENT ............................................................................. 1

II.     STATEMENT OF FACTS AND PROCEDURAL HISTORY .............................. 1

III.    LEGAL ARGUMENT ........................................................................................... 2

        A.      The Court has subject matter jurisdiction because diversity of
                citizenship exists. ....................................................................................... 2

        B.      In the alternative, Plaintiff seeks leave to amend the Complaint
                under FRCP 15(a) and 28 U.S.C. § 1653 ................................................... 4

IV.     CONCLUSION ...................................................................................................... 4

i

# TABLE OF AUTHORITIES

**Page(s)**

Page(s)

**Cases**

*Carden v. Arkoma Assocs.*,
   494 U.S. 185 (1990)..................................................................................................... 3

*Owen Equip. & Erection Co. v. Kroger*,
   437 U.S. 365, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978).............................................. 2

**Statutes**

28 U.S.C. § 1332................................................................................................................ 2

28 U.S.C. § 1332(a) ...................................................................................................... 3, 4

28 U.S.C. § 1332(a)(1)................................................................................................... 1, 2

28 U.S.C. § 1653............................................................................................................... 4

Section 121-201 of the New York Revised Limited Partnership Act.............................. 2

Section 402 of the New York Business Corporation Law ............................................... 3

**Rules**

FRCP 15(a) ....................................................................................................................... 4

FCRP Rule 15(a)(2) .......................................................................................................... 4

FRCP Rule 11(b) .............................................................................................................. 1

## I.    PRELIMINARY STATEMENT

Plaintiff, Berkley Insurance Company ("Berkley" or "Plaintiff") submits this memorandum of law in support of the response to the Order to Show Cause issued by this Court on July 23, 2026 (Dkt. No. 7) (the "OSC"), that directed Plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction.

Applying the Rule 11(b) of the Federal Rules of Civil Procedure ("FRCP") pleading standard of reasonableness under the circumstances, complete diversity of citizenship in conformance with 28 U.S.C. § 1332(a)(1) is established between Berkley and defendant 305 West 97th Street Associates, L.P. ("305 West L.P.") by the documents provided by the Declaration of Charles E. Williams, III (the "Williams Dec."). In addition, it is indisputable that the amount in controversy exceeds the $75,000 threshold under § 1332(a)(2).

Denying dismissal will cause no prejudice to Defendants who will retain their right to challenge jurisdiction in the Answer at joinder of issue or by motion practice.

In the alternative, to the extent the Court determines that the jurisdictional allegations of the Complaint (Dkt. No. 6) should be pleaded with greater detail, Plaintiff respectfully requests leave to amend the Complaint to plead the citizenship of the partners of 305 West 97th Street Associates, L.P. with particularity.

## II.    STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiff commenced this action on or about July 21, 2026, asserting claims for breach of contract, quantum meruit, and unjust enrichment against Volunteers of America, Inc. ("VOA"), Volunteers of America – Greater New York, Inc. ("VOA-NYC"), SRO West 97th Street, Inc.

("SRO 97"), and 305 West L.P. (Dkt. No. 6). Jurisdiction is alleged pursuant to 28 U.S.C. § 1332 on the basis of diversity of citizenship.

On July 23, 2026, the Court (Hon. Gregory H. Woods) issued the OSC, directing Plaintiff to show cause by July 27, 2026 why this action should not be dismissed for lack of subject matter jurisdiction (Dkt. No. 7).

### III.    LEGAL ARGUMENT

**A.  The Court has subject matter jurisdiction because diversity of citizenship exists.**

"[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from each plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978). See also U.S.C.A. § 1332(a)(1) ("[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.").

Under the circumstances cited in the Williams Dec., Plaintiff has established a reasonable basis for concluding that complete diversity exists in this action. Plaintiff is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 475 Steamboat Road, Greenwich, Connecticut 06830. (Dkt. No. 6 ¶ 1.) Accordingly, Plaintiff is a citizen of the State of Delaware and the State of Connecticut. While Defendant 305 West L.P. is a New York limited partnership formed by the filing of a Certificate of Limited Partnership with the New York Department of State on or about May 13, 1992, pursuant to Section 121-201 of the New York Revised Limited Partnership Act. See **Williams Dec, Ex. A**. As detailed below, its partners are three entities,[1] each of which is a citizen of New York:

---

[1] 305 West L.P.'s partners were confirmed by entity records annexed as Exhibits B and C to the Williams Dec.

- SRO West 97th Street, Inc. (general partner): a New York corporation that was incorporated on or about April 9, 1992, pursuant to Section 402 of the New York Business Corporation Law, with its principal executive office at 135 West 50th Street, 9th Floor, New York, New York 10020, c/o Volunteers of America – Greater New York, Inc. (See Williams Dec., Ex. C; Dkt. No. 6 ¶ 7.) SRO 97 is a citizen of New York;

- Volunteers of America – Greater New York, Inc. (limited partner): a New York not-for-profit corporation with its principal place of business in New York, New York. (Dkt. No. 6 ¶ 3); and

- West 97th Street Housing Development Fund Corporation (limited partner): a corporation organized under Article XI of the New York Private Housing Finance Law and the New York Business Corporation Law. (See Williams Dec.., Ex. B)..

Accordingly, for purposes of diversity jurisdiction, 305 West L.P. is a citizen of the State of New York, and of no other State. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990). It is therefore completely diverse from Plaintiff.

Defendant Volunteers of America – Greater New York, Inc. is a New York not-for-profit corporation with its principal place of business in New York, New York. (Dkt. No. 6 ¶ 3.).

Defendant Volunteers of America, Inc. is a non-profit organization existing under the laws of the Commonwealth of Virginia that does business in New York. (See Williams Dec., ¶ 19; Dkt. No. 6 ¶ 2.).

It is indisputable that the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied. The Complaint asserts claims for breach of contract, quantum meruit, and unjust

3

enrichment arising out of a written Takeover Agreement dated on or about March 1, 2022, and seeks a money judgment against defendants, jointly and severally, in an amount in excess of $2,000,000.00, plus interest, costs, and disbursements. (Dkt. No. 6 ¶¶ 10, 19–35 and Wherefore clause.) far in excess of $75,000.

**B.  In the alternative, Plaintiff seeks leave to amend the Complaint under FRCP 15(a) and 28 U.S.C. § 1653.**

Should the Court conclude that the jurisdictional allegations of the Complaint be pleaded with greater particularity, Plaintiff respectfully requests leave to amend the Complaint pursuant to FRCP 15(a), to cure any pleading deficiency pursuant to 28 U.S.C. § 1653.

Under Rule 15(a)(2), a court "should freely give leave [to amend] when justice so requires." FRCP 15(a)(2). Section 1653 of the United States Code provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653.

Here, a proposed amendment would merely conform the Complaint to identify and allege the citizenship of each partner of 305 West L.P. No party would be prejudiced by such an amendment.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court find that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) and permit this action to proceed.

Dated: July 27, 2026

By: */s/ Charles E. Williams, III*
Charles E. Williams, III
PECKAR & ABRAMSON, P.C.
1325 Avenue of the Americas, 10th
Floor
New York, New York 10019
Telephone: 212.382.0909
CWilliams@pecklaw.com
Attorneys *for Plaintiff*

5

## WORD COUNT CERTIFICATION

Pursuant to Local Civil Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, I hereby certify that the foregoing memorandum of law contains 1,069 words, including footnotes, but not including the caption, any index, table of contents, table of authorities, signature blocks, or any required certificates. I have relied on the "Word Count" function in Microsoft Word to generate this count.

By: */s/ Charles E. Williams, III*
Charles E. Williams, P.C.
Peckar & Abramson, P.C.
*Attorney for Plaintiff*

6